UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0148 PA (AGRx) | Date | May 4, 2015 |
|---|---|---|---|
| Title | California Communities Against Toxics v. Weber Metals, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss and to Strike Specified Allegations filed by defendant Weber Metals, Inc. ("Defendant") (Docket No. 14). Defendant challenges the sufficiency of the first, second, and third causes of action in the Complaint filed by plaintiff California Communities Against Toxics ("Plaintiff"). Plaintiff has filed an Opposition. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for May 4, 2015, is vacated, and the matter taken off calendar.

**I.    Background**

Plaintiff commenced this action on January 8, 2015. The Complaint alleges claims pursuant to the Federal Water Pollution Control Act ("Clean Water Act"), 33 U.S.C. § 1251, et seq., against Defendant. According to the Complaint, Defendant's metal forging facility located in Paramount, California discharges polluted storm water and non-storm water pollutants to Los Angeles County's municipal storm water sewer system, which eventually flows into the Los Angeles River. Plaintiff alleges this water contains levels of total suspended solids, oil and grease, copper, and zinc in excess of the benchmark levels set by the Environmental Protection Agency ("EPA") and in violation of the Best Available Technology Economically Achievable ("BAT") and Best Conventional Pollutant Control Technology ("BCT") standards mandated by the General Storm Water Permit ("General Permit") issued by California under the authority granted to it by the EPA's National Pollutant Discharge Elimination System ("NPDES"). The General Permit requires permittees such as Defendant to implement Best Management Practices ("BMPs") that achieve BAT and BCT for particular categories of pollutants.

Plaintiff's Complaint alleges five causes of action: (1) failure to implement the best available and best conventional treatment technologies in violation of Permit Conditions and the Act, 33 U.S.C. §§ 1311, 1342; (2) discharges of contaminated storm water in violation of Permit Conditions and the Act, 33 U.S.C. §§ 1311, 1342; (3) failure to prepare, implement, review, and update an adequate storm water pollution prevention plan ("SWPPP") in violation of Permit Conditions and the Act, 33 U.S.C. §§ 1311, 1342; (4) failure to develop and implement an adequate monitoring and reporting program in violation of Permit Conditions and the Act, 33 U.S.C. §§ 1311, 1342; and (5) false certification of compliance in annual report in violation of Permit Conditions and the Act, 33 U.S.C. §§ 1311, 1342.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0148 PA (AGRx) | Date | May 4, 2015 |
|---|---|---|---|
| Title | California Communities Against Toxics v. Weber Metals, Inc. | | |

Defendant now moves to dismiss the first three causes of action pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff "failed to provide the proper statutory notice which is a jurisdictional precondition to the filing of any citizen suit." (Motion at 1.) Defendant additionally argues specific allegations in the Complaint that were not mentioned in the Notice should be stricken.

**II.    Legal Standard**

Under Rule 12(b)(1), the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Plaintiff bears the burden of establishing that the court has subject matter jurisdiction to hear the action. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Because of 'the limited importance of pleadings in federal practice,' motions to strike pursuant to Rule 12(f) are disfavored." Estate of Migliaccio v. Midland Nat'l. Life Ins. Co., 436 F. Supp. 2d 1095, 1100 (C.D. Cal. 2006) (quoting Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996)). "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." Clark v. State Farm Mut. Auto. Ins. Co., 231 F.R.D. 405, 406 (C.D. Cal. 2005) (quoting Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)). "Moreover, when considering a motion to strike, courts must view the pleading in the light more favorable to the pleader." Id. (quoting Lazar v. Trans Union LLC, 195 F.R.D. 665, 669 (C.D. Cal. 2000)).

**III.    Analysis**

The citizen suit provision of the Clean Water Act requires a citizen plaintiff to give sixty days' notice of the alleged violations to the EPA, the State, and the violator prior to bringing suit. California Sportfishing Prot. Alliance v. City of W. Sacramento, 905 F. Supp. 792, 796 (E.D. Cal. 1995). Defendant contends dismissal of the first three causes of action is appropriate because Plaintiff's Pre-Litigation Notice (the "Notice") does not contain sufficient allegations to support those claims. Specifically, Defendant contends Plaintiff's Notice does not provide any detail about the activities alleged to constitute a violation of the General Permit requirements and provides no suggested corrective actions. (Motion at 7.)

"'[C]ompliance with the 60-day notice provision is a mandatory, not optional, condition precedent for suit.'" Ctr. for Biological Diversity v. Marina Point Dev. Co., 566 F.3d 794, 800 (9th Cir. 2008) (quoting Hallstrom v. Tillamook Cnty., 493 U.S. 20, 26, 304, 309, 107 L. Ed. 2d 237 (1989)). According to regulations adopted by the EPA, the notice "'shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0148 PA (AGRx) | Date | May 4, 2015 |
|---|---|---|---|
| Title | California Communities Against Toxics v. Weber Metals, Inc. | | |

activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice.'" Id. at 801 (quoting 40 C.F.R. § 135.3(a)). The Ninth Circuit has "sometimes been slightly forgiving to plaintiffs in this area, but even at our most lenient we have never abandoned the requirement that there be a true notice that tells a target precisely what it allegedly did wrong, and when. The target is not required to play a guessing game in that respect." Id.

As an initial matter, Plaintiff correctly claims that Defendant adds provisions to the notice requirement that are not present. First, Section 135.33(a) does not require a notice sender to understand in advance of sending the notice the cause of a violation. Instead, Section 135.3(a) requires the notice to provide sufficient information for the recipient to identify "the activity alleged to constitute a violation." Defendant also suggests Section 135.3(a) requires that the notice provide "suggested corrective actions." However, no such requirement appears in Section 135.3(a). "[A]s long as a notice letter is reasonably specific as to the nature and time of the alleged violations, the plaintiff has fulfilled the notice requirement. The letter does not need to describe every detail of every violation; it need only provide enough information that the defendant can identify and correct the problem." San Francisco BayKeeper, Inc. v. Tosco Corp., 309 F.3d 1153, 1155 (9th Cir. 2002).

### A. First Claim: Failure to Implement BAT/BCT

Defendant argues the first claim should be dismissed because the Notice does not provide any basis for the alleged failure to implement BAT/BCT "other than citing data from self-monitoring reports." (Motion at 7.)

Plaintiff's Notice states: "CCAT's investigation, including its review of [Defendant's] analytical results documenting pollutant levels in the Facility's storm water discharges well in excess of applicable water quality standards and EPA's Benchmark values[,] indicates that [Defendant] has not implemented BAT and BCT. . . ." According to Defendant, the question of whether a facility has met the BAT/BCT requirement is not judged by an objective quantitative standard, such as EPA Benchmarks. Defendant claims exceedances of EPA Benchmarks or water quality standards alone do not constitute violations of the General Permit's requirements to implement BAT/BCT. Rather, it is failing to implement measures that achieve BAT/BCT that constitute the violation. (Motion at 8.) Accordingly, Defendant reasons Plaintiff's Notice should have provided an overview of Defendant's BMPs, describing the measures being implemented, explaining how these measures fail to achieve BAT/BCT within the industry, and suggesting measures that would achieve BAT/BCT.

Plaintiff argues the Notice has more than sufficient information for Defendant to have identified the activities constituting the violations alleged in the first cause of action: Defendant's discharges of storm water associated with industrial activity that have not been subjected to BAT, or in the case of certain parameters, BCT. Those untreated or inadequately treated discharges of storm water are the activities constituting the violations. The Notice identifies the specific pollutant parameters that are being discharged from the facility. Further, the Notice also establishes from which outfall or drain at the facility the pollutant levels were measured, the levels of these pollutants, and explains that the pollutants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0148 PA (AGRx) | Date | May 4, 2015 |
|---|---|---|---|
| Title | California Communities Against Toxics v. Weber Metals, Inc. | | |

levels measured by Defendant are "evidence of ongoing violations of Effluent Limitation B(3) of the General Industrial Storm Water Permit." Finally, the Notice alleges the polluted storm water discharges constituting BAT/BCT violations have occurred and will continue to occur on every rain event that occurs at the facility, listing specific dates of samples and rain events.

The Court finds that this is more than sufficient information for Defendant to find the locations within its own facility that might be contributing the pollutants in the storm water discharges, to evaluate whether any management measures are in place, and to determine what additional measures and equipment may be necessary to apply BAT/BCT to the identified discharge and pollutants. The "EPA Benchmarks are appropriate to use as objective guidelines in assessing whether [Defendant] has implemented BMPs that achieve BAT/BCT . . . ." Santa Monica Baykeeper v. Kramer Metals, Inc., 619 F. Supp. 2d 914, 921 (C.D. Cal. 2009). Plaintiff's citations to the EPA benchmark values are used as support for Plaintiff's allegations that Defendant has failed to utilize BAT and BCT as required by the General Permit. The detail found in the Notice need not list every detail or ramification for each violation but must be "sufficiently adequate so that the recipients can identify the basis for the complaint . . . ." Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy, 305 F.3d 943, 951 (9th Cir. 2002) [hereinafter Bosma Dairy]. Here, the level of specificity in the Notice is sufficient "to give [Defendant] the opportunity to correct the problem." San Francisco Baykeeper v. W. Bay Sanitary Dist., 791 F. Supp. 2d 719, 753 (N.D. Cal. 2011) (citation omitted). Thus, the Court finds the Notice is adequate to support the first claim.

### B. Second Claim: Discharges of Contaminated Storm Water

Next, Defendant repeats its arguments, claiming the Notice is insufficient to support the second cause of action because it only mentions exceedances of certain numeric criteria. Specifically, the Notice alleges Defendant's storm water contained contaminant levels that exceeded: (1) EPA Benchmarks; (2) Waste Load Allocations in the Los Angeles Region Basin Plan; and (3) the California Toxics Rule. According to Defendants, the Notice is deficient because none of these numeric criteria have been incorporated into the General Permit. Defendant contends Plaintiff, by citing only exceedances of numeric criteria, does "not provide notice to [Defendant] of the failure to meet BAT/BCT or to implement adequate BMPs sufficient to enable [Defendant] to understand and correct a violation." (Motion at 12.)

Defendant appears to confuse the merits of Plaintiff's second claim with the adequacy of the Notice. Plaintiff is not seeking to hold Defendant liable for violating the benchmark values or the water quality standards. Instead Plaintiff has cited the benchmark values and standards as factors to consider in determining if Defendant has discharged storm water in violation of the General Permit conditions. Plaintiff's Notice makes clear which allegations Plaintiff would allege in its Complaint. See Waterkeepers N. California v. AG Indus. Mfg., Inc., 375 F.3d 913, 918 (9th Cir. 2004) ("Regardless of whether WaterKeepers is able to prove each claimed discharge, its intent-to-sue letter put AG Industrial on notice as to the violations that WaterKeepers would allege in its complaint. The statute and regulation require no more."). The objective of the notice requirement is not to prove violations, it is to inform the polluter about what it is doing wrong and to allow it an opportunity to correct the problem.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0148 PA (AGRx) | Date | May 4, 2015 |
|---|---|---|---|
| Title | California Communities Against Toxics v. Weber Metals, Inc. | | |

Id. at 920. Plaintiff's citations to the EPA benchmarks and other water quality standards are used as support for Plaintiff's allegation, and Plaintiff is not required to prove the violations at this stage. The Court finds the Notice adequately apprises Defendant of the second claim.

      **C.**      **Third Claim: Failure to Prepare, Implement, Review, and Update an Adequate SWPPP**

Defendant similarly contends the Notice does not provide a basis for the allegations in the third cause of action. Defendant argues the Notice "does not identify any claimed deficiencies in [Defendant's] SWPPP, or the BMPs included in the SWPPP, or suggest how [Defendant] can improve its SWPPP or its BMPs." (Motion at 12.) According to Defendant, the Notice "failed to cite any specific paragraph or subparagraph that [Defendant] is alleged to have violated" leaving Defendant to speculate as to how its SWPPP is deficient. See Sierra Club Ohio Chapter v. City of Columbus, 282 F. Supp. 2d 756, 765 (S.D. Ohio 2003) (finding notice inadequate because it cited only the main section or paragraph of the NPDES Permit containing the standard alleged to have been violated).

The plaintiff in Sierra Club Ohio Chapter v. City of Columbus only cited to the general sections of the permit at issue and did not identify the numerous requirements embodied in each section. Here, however, the Notice lists by section and description a long list of General Permit requirements about the content and uses of a SWPPP. Plaintiff also contends it carefully lists all conceivable shortcomings of the SWPPP. Potential over-inclusiveness does not mean that the Notice is inadequate. See San Francisco Baykeeper v. Levin Enterprises, Inc., No. C-12-04338(EDL), 2013 WL 6672415 (N.D. Cal. Dec. 18, 2013) (finding the arguable over-inclusiveness is not fatal to Plaintiff's Notice Letter). The Ninth Circuit has stated that the "key language in the notice regulation is the phrase 'sufficient information to permit the recipient to identify' the alleged violations and bring itself into compliance." Bosma Dairy, 305 F.3d at 951. The Court finds Plaintiff has provided more than sufficient information to support the third claim.

      **D.**      **Motion to Strike**

Finally, Defendant asks the Court to strike all allegations in the Complaint that were not mentioned in the Notice. Defendant claims to do otherwise would subvert the purpose of the notice requirement.

Recently, some courts have taken a more liberal interpretation of the notice requirements. "The Third Circuit, the only circuit to have considered the adequacy of a citizen-suit notice which failed to include additional violations listed in the complaint . . . held that a citizen plaintiff's initial notice of discharge violations was broad enough to encompass additional discharge, monitoring, reporting, and record keeping violations occurring during and after the date of the notice letter." Bosma Dairy, 305 F.3d at 950-51 (citing Pub. Interest Research Group v. Hercules, Inc., 50 F.3d 1239, 1248 (3d Cir. 1995)). However, additional claims in the complaint should be of the same type. See id. (citing Hercules, 50 F.3d at 1250); see also, Comfort Lake Ass'n, Inc. v. Dresel Contracting, Inc., 138 F.3d 351, 355 (8th Cir. 1998) (agreeing with Hercules that a citizen suit is limited to violations that are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0148 PA (AGRx) | Date | May 4, 2015 |
|---|---|---|---|
| Title | California Communities Against Toxics v. Weber Metals, Inc. | | |

closely related to and of the same type as the violations specified in the notice of intent to sue).

Although the Notice must be sufficiently adequate so Defendant can identify the basis for the Complaint, Plaintiff "is not required to list every specific aspect or detail of every alleged violation" or describe every ramification of a violation. Hercules, 50 F.3d at 1248. Defendant contends Plaintiff asserts new "claim theories" not contained in the Notice. However, the allegations in the Complaint simply provide further detail about the conditions and practices at Defendant's facility. The Court finds the additional allegations in the Complaint are sufficiently similar to those contained in the Notice, and "allowing plaintiff[] to sue on these violations does not undermine the purpose of the citizen suit provision . . . ." Bosma Dairy, 305 F.3d at 952. The purpose of the Notice is to provide the agencies and Defendant with information on the cause and type of environmental laws or orders Defendant is allegedly violating so that the agencies can step in, investigate, and bring Defendant into compliance. Id. at 953. "The point is to trigger agency enforcement and avoid a lawsuit. Congress did not intend to unduly burden citizens by requiring them to basically carry out the job of the agency." Id. Accordingly, the Defendant's motion to strike is denied.

### Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss and to Strike is denied. Defendant's Request for Judicial Notice is granted.[1/] Plaintiff's Request for Judicial Notice is denied.[2/] Defendant shall file its Answer no later than May 25, 2015.

IT IS SO ORDERED.

---

[1/] Defendant's Request for Judicial Notice includes the: (1) Water Quality Control Plan, Los Angeles Region; (2) Water Quality Standards; Establishment of Numeric Criteria for Prior Toxic Pollutants of the State of California; and (3) Policy for Implementation of Toxics Standards for Inland Surface Waters, Enclosed Bays, and Estuaries of California.

[2/] Plaintiff's Request for Judicial Notice includes: Excerpts of the California State Water Resources Control Board Water Quality Order No. 97-03-DWQ; a copy of the opinion in Santa Monica BayKeeper v. SunLite Salvage, Case no. Civ.99–4578 WDK (C.D. Cal. 1999); and a copy of the opinion in Ecological Rights Found. v. Sierra Pacific Indus., slip op., Case No. C-01-0520 MEJ (N.D. Cal. 2002). Because the Court did not rely on these documents, Plaintiff's Request for Judicial Notice is denied.